MCMILLIN, C.J.,
for the Court.
¶ 1. In 1986, Frank Ramsey, Jr. was convicted of manslaughter and sentenced as a habitual offender based on the fact that he had two prior felony convictions. He appealed that conviction to the Mississippi Supreme Court, and that court affirmed the conviction. Ramsey v. State, 554 So.2d 300 (Miss.1989). He has, since that time, repeatedly flooded the Bolivar County, Second Judicial District, Circuit Court with voluminous pleadings seeking various forms of relief. The pleadings in large part remain indecipherable despite the best efforts of this Court to interpret them.
¶ 2. The matter now before this 'Court is Ramsey’s pro se appeal from an order of the circuit court denying him any relief under our post-conviction relief statutes oh his most recent pleading. The actual order appealed from denied Ramsey’s request for rehearing of an earlier order that also denied any relief.
¶ 3. In the latest order, the court noted that, because Ramsey’s manslaughter conviction had been appealed and affirmed, he was required to obtain leave of the Mississippi Supreme Court to file a post-conviction relief motion. Miss.Code Ann. § 99-39-7 (Supp.2003). The court observed that the supreme court had refused Ramsey such permission by order entered in March 2002. In that order, the supreme court denied authority to file a post-conviction relief motion in the circuit court upon reaching the conclusion that Ramsey’s claims were time-barred under Mississippi Code Annotated Section 99-39-5(2) (Supp. 2003). That order has not been the subject of a motion to reconsider and the order plainly barred the circuit court from considering Ramsey’s attack on his manslaughter conviction.
¶ 4. A part of Ramsey’s theory of relief appears to have been to question the validity of one or both of the earlier felony convictions that subjected him to enhanced punishment as a habitual offender. Insofar as Ramsey’s pleadings could be inter *1080 preted as seeking post-convietion relief from either of these two earlier felony-convictions, the circuit court observed that both convictions pre-dated the 1986 manslaughter conviction and that any such claims were necessarily time-barred under the same three-year statute of limitations applied by the supreme court to deny Ramsey leave to attack the manslaughter conviction.
¶ 5. Ramsey does not affirmatively contend that any of the limited exceptions to the three-year limitation period set out in Section 99-39-5 have application to the matters raised in his pleadings. Because of Ramsey’s status as a pro se litigant, we have undertaken our own independent research of the question out of an abundance of caution and are satisfied that no such authority, undiscovered by Ramsey, exists.
¶ 6. For that reason, we conclude that the circuit court’s determination to deny relief was correct, and we summarily affirm.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY DENYING REHEARING OF POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.